UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP A. BOUYER and DOROTHY HARDY,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST, CO., et al.,

    Defendants.
    _____/

Case No. 11-cv-13130

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT
AND RECOMMENDATION (docket no. 52) AND GRANTING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (docket nos. 48, 49)**

    This case involves a claim of housing discrimination. On July 19, 2011, Plaintiffs Phillip Bouyer, a disabled African-American war veteran, and his mother, Dorothy Hardy, filed a claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"), against, *inter alia*, Deutsche Bank National Trust Co. ("Deutsche Bank"), Shore Financial Services d/b/a Shore Mortgage ("Shore"), and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants").[1] On July 20, 2012, Defendants filed the instant motions for summary judgment. *See* ECF Nos. 48, 49. Plaintiffs, following their pattern in this case, did not respond to the motions.[2] This Court referred the motions to a

---

[1] The other defendants named in the Complaint have been dismissed. *See* Stipulation of and Order of Dismissal, ECF No. 26; Stipulation and Order of Dismissal, ECF No. 28; Order Granting Mot. for J., ECF No. 23.

[2] Plaintiffs also failed to respond to Shore's February 8, 2012 motion to dismiss, ECF No. 38, and former defendant Keller Williams Realty Detroit Market's March 13, 2012 motion for judgment, ECF No. 42. These failures occurred despite the Court's warning that "the Local Rules of this Court *require* them to file "[a] response to a dispositive motion . . . within 21 days after service of the motion." Order Granting Mot. for J. (citing E.D. Mich. LR 7.1(e)(1)(B)).

magistrate judge for a report and recommendation ("Report"). Order Referring Motions, ECF No. 50. The Magistrate Judge scheduled the motions for hearing. *See* Notice of Hearing, ECF No. 51. Plaintiffs' counsel appeared for the hearing, but did not oppose the motions. *See* Report 2, ECF No. 52. On November 5, 2012, after considering the motions on their merits, the Magistrate Judge issued his Report, recommending that this Court grant the motions because (1) many of Plaintiffs' claims are time-barred; and (2) with respect to the remaining claims, Plaintiff cannot establish a prima facie case of discrimination under the FHA.

Pursuant to Civil Rule 72(b)(2), Plaintiffs had fourteen days from service of the Report in which to file any specific written objections to the Report. A party's specific written objections to a magistrate judge's findings are entitled to de novo review by this Court. Fed. R. Civ. P. 72(b)(3). But "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). A district court should treat such objections as though the party had failed to file an objection at all. *Howard v. Sec. of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir.1991).

On November 19, 2012, Plaintiffs filed a document objecting to the Report. *See* Resp. to Report, ECF No. 53. But the document does not contain the "specific written objections" required by the Civil Rule. *See* Fed. R. Civ. P. 72(b)(2). Instead, it appears to be simply a belated a response to Defendants' summary judgment motion. Aside from the titles of the motion and brief in support, it makes no mention of the magistrate judge's Report. If this Court were to consider the arguments and issues raised in the document, it would be equivalent to deciding the motion for summary judgment de novo, which would nullify the benefit of referral to the magistrate judge in the first instance. *See United States*

*v. Walters*, 638 F.2d 947, 949 (6th Cir.1981) ("[T]he fundamental congressional policy underlying the Magistrate's Act [is] to improve access to the federal courts and aid in the efficient administration of justice."). Accordingly, the Court will review the Report as though Plaintiffs did not file objections. *Howard*, 932 F.2d at 509.

The Court further notes that Plaintiffs had ample opportunity to present their arguments in opposition to Defendants' motions to the Court prior to referral, and to the magistrate judge at the hearing. *See* E.D. Mich. L.R. 7.1 (providing 21 days to file a response to dispositive motions). Moreover, if Plaintiffs required additional time, a simple motion for extension, made with good cause shown, would almost certainly have been granted. *See* Fed. R. Civ. P. 6(b)(1). But in responding to the instant motions, and over the course of this litigation, Plaintiffs' counsel has failed to take advantage of the opportunity to litigate the case in accordance with the Civil Rules. Such conduct needlessly delays resolution of the case, wastes judicial resources, and is discourteous to the opposing party and to the Court.

In any event, the Court has reviewed the record and the Report and finds that the Magistrate Judge's analysis is proper. The Court adopts the Report's finding and conclusions as its own.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation of November 5, 2012, (docket no. 52) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (docket nos. 48 and 49) are **GRANTED**. Plaintiffs' lawsuit is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

3

                    s/Stephen J. Murphy, III  
                    STEPHEN J. MURPHY, III  
                    United States District Judge

Dated: November 21, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2012, by electronic and/or ordinary mail.

                    Carol Cohron  
                    Case Manager